UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| AUGUSTUS YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:19-cv-44-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Augustus Young has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1].[1] At the Court's direction, the government filed a response [Doc. 5], and Young filed a reply [Doc. 6]. Because Young's § 2255 motion is squarely foreclosed by binding Sixth Circuit precedent, the Court finds that it is unnecessary to hold an evidentiary hearing,[2] and the motion will be denied.

Young pleaded guilty to aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951, and aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) [Doc. 56, No. 3:16-cr-145]. Young was classified as a career offender with an accordant

---

[1] All docket citations refer to this civil case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

guideline range of 262 to 327 months' imprisonment [Doc. 66, No. 3:16-cr-145]. He was sentenced, below that range, to 204 months' imprisonment: 120 months for the robbery, followed by the 84-month mandatory minimum for the § 924(c) offense [Doc. 98, No. 3:16-cr-145]. Young waived his right to appeal and thus did not [Doc. 56, No. 3:16-cr-145], but he now brings this § 2255 motion disputing his § 924(c) conviction and sentence in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held unconstitutional the so-called residual clause of 18 U.S.C. § 16(b).

Section 924(c) contains a similar residual clause. That statute makes it a federal crime to use or carry a firearm during and in relation to a crime of violence, which is defined as a federal felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). *Dimaya* could only impact (B), the residual clause; clause (A), the use-of-force clause, is not going anywhere.

Thus, regardless of whether the similarly worded residual clause of § 924(c) is also unconstitutional—a question currently before the Supreme Court in *United States v. Davis*, 139 S. Ct. 782 (2019) (granting certiorari)—Young's conviction must still stand because Hobbs Act robbery also qualifies as a "crime of violence" under the use-of-force clause. The Sixth Circuit has held exactly that:

> A conviction under § 1951(b)(1) [i.e., Hobbs Act robbery] requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A).

*United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017). In light of this precedent, Young pleaded guilty to a crime of violence regardless of what happens to the residual clause of § 924(c).

Young disagrees. He maintains that Hobbs Act robbery requires only "common-law force," which can apparently be applied by even the slightest touch [Doc. 6], and thus does not count as a crime of violence. But *Gooch*—especially when read alongside *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016), which held that § 924(c)(3)(A) requires at least the threatened use of "force capable of causing physical pain or injury," a la *Johnson v. United States*, 559 U.S. 133, 140 (2010)—says essentially the opposite. And this Court has no choice but to follow these binding appellate precedents.[3]

For all of these reasons, Young is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover,

---

[3] It should also be noted that Young waived his right to bring this claim in his plea agreement, where he waived his right to "file any motions or pleading pursuant to 28 U.S.C. § 2255," except for claims of "prosecutorial misconduct" and "ineffective assistance of counsel" [Doc. 56, No. 3:16-cr-145]. Young's *Dimaya* claim does not fall within either exception. However, the government has not raised this argument and has possibly forfeited its right to do so.

because Camacho has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A judgment will enter **DENYING** the Motion [Doc. 1].

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE